# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EZRA BIRNBAUM, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1013-DLC |
| Plaintiff, | |
| v. | |
| GENERAL ELECTRIC COMPANY and H. LAWRENCE CULP, JR., | |
| Defendants. | |
| SHEET METAL WORKERS LOCAL 17 TRUST FUNDS, Individually and on Behalf of All Others Similarly Situated, | Case No.: 19-cv-1244-DLC |
| Plaintiff, | |
| V. | |
| GENERAL ELECTRIC COMPANY, JOHN L. FLANNERY, RUSSELL STOKES, and JAMIE S. MILLER, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE BALTIMORE FUNDS FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT <u>AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT ........................................................................ 1

II.     SUMMARY OF THE PENDING ACTIONS ................................................. 4

III.    ARGUMENT ................................................................................................... 6

        A.      The Related Actions Should Be Consolidated ..................................... 6

        B.      The Baltimore Funds Should Be Appointed Lead Plaintiff ............................ 6
                1.      The Baltimore Funds Have Timely Filed Their Motion........................ 6
                2.      The Baltimore Funds Have The Largest Financial Interest In
                        The Relief Sought By The Class ............................................... 7
                3.      The Baltimore Funds Satisfy The Requirements Of Rule 23 ................ 8

        C.      The Court Should Approve the Baltimore Funds Selection Of Counsel ........ 10

IV.     CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Elstein v. Net 1 UEPS Techs., Inc.,* 13 Civ. 9100 (ER),
    2014 U.S. Dist. LEXIS 100574, at *19 (S.D.N.Y. July 23, 2014)...........................................11

*In re Bank of America Corp. Sec., Derivative and ERISA Litig.,* No.,
    09-MD-2058 (S.D.N.Y.) ...........................................................................................................15

*In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.,*
    258 F.R.D. 2608 (S.D.N.Y. 2009) ...........................................................................................12

*In re Doral Fin. Corp. Sec. Litig.,*
    414 F. Supp. 2d 3983 (S.D.N.Y. 2006)......................................................................................5

*In re Kit Digital, Inc. Sec. Litig.,*
    293 F.R.D. 4418 (S.D.N.Y. 2013) ...........................................................................................14

*In re Olsten Corp. Secs. Litig.,*
    3 F. Supp. 2d 2865 (E.D.N.Y. 1998)........................................................................................11

*In re Worldcom, Inc. Sec. Litig.,*
    294 F. Supp. 2d 3921 (S.D.N.Y. 2003)......................................................................................7

*Lax v. First Merchants Acceptance Corp.,* No. 97 C 2715,
    1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997)...............................................11

*Masih v. Perrigo Co. PLC*,
    19-cv-00070-DLC (S.D.N.Y. Mar. 22, 2019) ..........................................................................11

*Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.,*
    No. 11 Civ. 5097(JFK), 2011 WL 48312092 (S.D.N.Y. Oct. 12, 2011) .................................13

*Richman v. Goldman Sachs Grp., Inc.,*
    274 F.R.D. 4735 (S.D.N.Y. 2011) ...........................................................................................10

*Varghese v. China Shengduo Pharm. Holdings, Inc.,*
    589 F. Supp. 2d 3885 (S.D.N.Y. 2008).....................................................................................11

*Xianglin Shi v. Sina Corp.*,
    No. 05-cv-2154-NRB, 2005 WL 15614383 (S.D.N.Y. July 1, 2005).......................................13

Statutes

15 U.S.C. § 78u-4 ............................................................................................... *passim*
15 U.S.C. §78j(b), §78(t) ................................................................................................ 5

Rules

Fed. R. Civ. P. 42 ......................................................................................................... 5, 10
Fed. R. Civ. P. 23 ................................................................................................. 6, 10, 12, 13

Proposed lead plaintiff City of Baltimore Fire and Police Employees' Retirement System ("Baltimore F&P") and City of Baltimore Employees' Retirement System ("Baltimore Employees") (collectively the "Baltimore Funds"), respectfully move this Court for entry of an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): (1) consolidating all related securities class actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Baltimore Funds as Lead Plaintiff; (3) approving their selection of Saxena White P.A. ("Saxena White") to serve as Lead Counsel for the Class; and (4) any such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

Currently pending in this Court are two securities class actions[1] (the "Related Actions") brought on behalf of all persons or entities that purchased or otherwise acquired shares of General Electric Company ("GE" or the "Company"). The Related Actions against GE and certain of its current and/or former officers allege violations of Sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78(t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). The *Sheet Metal Workers Local 17 Trust Funds* action is on behalf of all persons or entities that purchased or otherwise acquired GE common stock between December 27, 2017 and October 29, 2018, inclusive (the "Class Period"). *See In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-403 (S.D.N.Y. 2006) (utilizing "the longer, most inclusive class period … as it encompasses more potential class members").

---

[1] The Related Actions are: *Birnbaum v. Gen. Electric Co.*, 19-cv-1013-DLC; and *Sheet Metal Workers Local 17 Trust Funds v. Gen. Electric Co.*, 19-cv-1244-DLC. The *Birnbaum* action is on behalf of all persons or entities that purchased GE securities from October 12, 2018 through October 29, 2018.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  In that regard, the Court is required to determine which movant or group of movants has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movants have made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The Baltimore Funds are the "most adequate plaintiff" and have sustained losses of over $2.9 million under the last-in-first-out ("LIFO") method in connection with their Class Period GE investments.  The losses of the Baltimore Funds are believed to be the largest among purported class members seeking Lead Plaintiff appointment that otherwise satisfy the PSLRA and the Federal Rules of Civil Procedure.[2]  In addition to asserting the largest financial interest, the Baltimore Funds readily satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of all members of the Class, and they will fairly and adequately represent Class members.

Moreover, the Baltimore Funds, which manage billions of dollars in assets, are the ideal Lead Plaintiffs contemplated by the PSLRA because of their extensive experience serving as fiduciaries.  As sophisticated institutional investors with substantial financial interests in the litigation, they have the incentive and ability to effectively and efficiently supervise and monitor counsel.  *See* Transcript[3] of Conference at 2:18-20, *Masih v. Perrigo Co. PLC* (S.D.N.Y. Mar. 22, 2019) (19-cv-0070-DLC) (noting that it is generally the practice of this Court "to have

_____

[2] The Baltimore Funds' transactions in the Class Period in GE common stock are set forth in the certifications attached as Exhibit C to the Declaration of Steven B. Singer in Support of the Motion of the Baltimore Funds for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Singer Decl.").  The charts setting forth the losses of the Baltimore Funds are attached as Exhibit D to the Singer Decl.

[3] The transcript is attached as Exhibit E to the Singer Decl.

institutional investors serve as lead plaintiff"); *In re Worldcom, Inc. Sec. Litig.*, 294 F. Supp. 2d 392, 421 (S.D.N.Y. 2003) (stating that "the lead plaintiff provisions are designed to promote the selection at an early stage of the litigation of an institutional investor with the largest financial stake"). Further, the Baltimore Funds fully understand a Lead Plaintiff's obligations to the Class under the PSLRA and, as demonstrated herein, are willing and able to undertake the responsibilities entailed in acting as Lead Plaintiff to guarantee the vigorous prosecution of the Related Actions.

In addition, this Court stated in *Masih v. Perrigo Co. PLC*, 19-cv-0070-DLC (S.D.N.Y. Mar. 22, 2019) that it is "generally not [its] practice to have a group of plaintiffs." Tr. at 2:18-19. Here, significantly, the Baltimore Funds are two sister funds that are clearly related, and no plausible argument can be made otherwise. Indeed, these are pension funds that oversee the retirement of government workers for the City of Baltimore, have shared oversight and investment managers.[4]

The Baltimore Funds have also demonstrated their adequacy through their selection of Saxena White, a law firm with substantial experience in successfully prosecuting securities class actions, to serve as Lead Counsel for the Class. Accordingly, based on the Baltimore Funds' substantial financial interests and their demonstrated commitment and ability to jointly oversee these Related Actions in a cohesive manner, the Baltimore Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

---

[4] In respect to the Baltimore Funds' transactions in GE common stock, they both utilized the same asset manager and purchased their GE shares on the same date. *See* Transcript of Conference at 13:14-18, *Masih v. Perrigo Co. PLC* (S.D.N.Y. Mar. 22, 2019) (19-cv-0070-DLC) (appointing two institutional investors that "have the same investment adviser" as "it is sufficient to create an appropriate unit to serve as lead plaintiff").

## II.    <u>SUMMARY OF THE PENDING ACTIONS[5]</u>

GE is a 126-year old industrial conglomerate with a number of primary business units, including Lighting, Aviation, Healthcare, Power, and Capital.  ¶ 1.  GE Power is an energy production segment of GE that provides equipment, solutions, and services worldwide.  ¶ 2. According to GE's 2017 Form 10-K, GE Power "offers a wide spectrum of heavy-duty and aeroderivative gas turbines" such as the High Efficiency, Air Cooled ("HA") Turbines models "for utilities, independent power producers and numerous industrial applications, ranging from small, mobile power to utility scale power plants."  ¶ 28.

Throughout the Class Period, defendants represented that GE Power "is a fundamentally strong franchise with leading technology" and GE was "proud of the HA gas turbine technology."  Further, GE assured investors that the Company's installed turbines units were "performing to specifications and guarantees."  When GE Power began to experience "softening demand" for its turbines in the first quarter of 2018, GE falsely attributed this reduction entirely to external factors, such as "excess capacity in developed markets," and "continued pressure in oil and gas applications and macroeconomic and geopolitical environments…energy efficiency, renewable energy penetration and delays in expected orders," rather than any performance issues with the turbines.  ¶ 7.

During the Class Period, defendants failed to disclose that the design and technology of GE Power's flagship gas turbines were structurally flawed as they were plagued with an oxidation problem that caused the blades in the H-Class gas turbines to fail and GE Power's goodwill was materially overstated, in large part because of such structural issues.  ¶ 41.

---

[5] All "¶" references are to the *Sheet Metal Workers Local 17 Trust Funds* complaint prepared by proposed Lead Counsel Saxena White PA.

On September 19, 2018, Stokes published an article on LinkedIn disclosing that the Company had "identified an issue that we expect to impact our HA units. It involves an oxidation issue that affects the lifespan of a single blade component." However, Stokes positively touted GE Power's turbines by representing that the "minor adjustments that we need to make do not make the HA any less of a record setting turbine – they are meeting – and in many cases exceeding – their performance goals at every customer site today." ¶ 42.

Immediately, various media outlets and analysts commented on Stokes' revelation of the oxidation issue with GE Power's HA turbine units. ¶ 44. For example, on September 20, 2018, an analyst from JPMorgan commented in a report that the turbine failure related to "a first stage blade" and raised "red flags around risks that are both financial and fundamental" for GE Power. The analyst concluded that "there should be no longer any doubt that GE Power has company-specific issues." ¶¶ 45; 47.

In reaction to these disclosures, GE's stock plummeted $1.59 per share or 12%, to close at $11.27 per share on September 25, 2018. ¶ 48.

On October 30, 2018, GE disclosed, among other things, a massive goodwill impairment charge of $22 billion related to GE Power, slashed its dividend to 1 cent, and announced intentions to reorganize its Power business. ¶ 52. On a conference call later in the day, Miller discussed the booking of multiple impairments during the quarter in connection with GE Power. Specifically, Miller revealed that the goodwill charges were connected with the "size of the charge results from the significant value [that were] associated with the unrecognized legacy assets, principally our profitable services backlog, long-standing customer relationships and our gas turbine technology." ¶ 56.

In reaction to these disclosures, GE's stock plummeted $0.98 per share or approximately 9%, to close at $10.18 per share on October 30, 2018.  ¶ 57.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(A)(ii); *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). Moreover, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Richman*, 274 F.R.D. at 475.

Here, the Related Actions all allege claims concerning materially false and misleading statements in connection with deteriorating conditions at GE Power and its turbines. Accordingly, consolidation of the related actions is appropriate. *See id*.

### B.   The Baltimore Funds Should Be Appointed Lead Plaintiff

The PSLRA provides a presumption in favor of the "person or group of persons" which has the "largest financial interest" in the relief sought by the Class, while also satisfying the relevant requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, the Baltimore Funds believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.   The Baltimore Funds Have Timely Filed Their Motion

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of the notice that the first action asserting substantially the same

claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A).  The Baltimore Funds' motion is therefore timely as it was filed within 60 days of the publication of the notice filed on February 1, 2019, setting forth April 2, 2019 as the deadline[6] for class members to file lead plaintiff motions with the Court.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II); *see also* Singer Decl. Exhibit A.

### 2.    The Baltimore Funds Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "The PSLRA does not specify a method for calculating which plaintiff has the 'largest financial interest,' and neither the Supreme Court nor the Second Circuit has provided instruction on the appropriate method." *Elstein v. Net 1 UEPS Techs., Inc.*, 13 Civ. 9100 (ER), 2014 U.S. Dist. LEXIS 100574, at *19 (S.D.N.Y. July 23, 2014).

To determine the largest financial interest, courts have utilized the four-factor test promulgated in *Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *5 (N.D. Ill. Aug. 11, 1997) and adopted in *In re Olsten Corp. Secs. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998) (the "Lax/Olsten factors" or "Olsten factors"). *Id.* at 20. The four Lax/Olsten factors are: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the losses suffered. *Id.*  *See Varghese v. China Shengduo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008) (adopting the four factors "to evaluate who has the greatest financial interest").

---

[6] On February 8, 2019, counsel for Sheet Metal Workers Local 17 Trust Funds published a notice announcing the filing of a securities class action and stating that lead plaintiff motions must be filed with the Court no later than April 2, 2019.  *See* Singer Decl. Exhibit B.

The Baltimore Funds should be appointed Lead Plaintiff because they have the largest financial interest in the relief sought by the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii).  Specifically, as detailed in the below schedule, the Baltimore Funds suffered total losses of $2,904,546 due to the revelations of the fraud.  *See* Singer Decl., Exhibit D.

| Retirement System | Shares Purchased | Net Shares Purchased | Net Funds Expended | LIFO Loss |
|---|---|---|---|---|
| Baltimore F&P | 155,000 | 155,000 | $2,858,061 | $1,519,401 |
| Baltimore Employees | 141,600 | 141,600 | $2,610,977 | $1,385,145 |
| Total | 296,600 | 296,600 | $5,469,038 | $2,904,546 |

To the best of the Baltimore Funds' knowledge, no other applicants who have sought, or are seeking Lead Plaintiff appointment, have a larger financial interest arising from the Class Period transactions in GE common stock.

### 3.    The Baltimore Funds Satisfy The Requirements Of Rule 23

In addition to possessing the largest financial interests in the outcome of the litigation, the Baltimore Funds otherwise satisfy the adequacy and typicality requirements of Fed. R. Civ. P. 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see In re Bank of Am. Corp. Sec., Deriv. & ERISA Litig.*, 258 F.R.D. 260, 268 (S.D.N.Y. 2009) ("a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23") (citations omitted).  Here, the Baltimore Funds indisputably satisfy the typicality and adequacy requirements.

Typicality can be established by showing that the proposed Class representative's "claims arise[] from the same course of events and they make similar legal arguments to prove the defendants' liability as the other putative class members."  *In re Bank of Am.*, 258 F.R.D. at 269 (typicality requirement satisfied when investors "allege[d] material misstatements and/or omissions made by defendants . . . and they share an interest in establishing defendants' liability

8

and achieving the maximum amount of recovery") (internal quotations and citation omitted). Here, the Baltimore Funds' and all other Class members' claims arise from the same course of events, and their legal arguments to establish Defendants' liability are nearly identical. Indeed, like all other Class members, the Baltimore Funds: (1) purchased GE common stock during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) were damaged thereby. *See Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, No. 11 Civ. 5097(JFK), 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed Lead Plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants"). As such, the Baltimore Funds are typical Class representatives.

The Baltimore Funds similarly satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interests of the Class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, "(1) there should be no conflict between the proposed lead plaintiff and the members of the class, (2) the selected counsel should be qualified, experienced, and able to conduct the litigation, and (3) the lead plaintiff should have a sufficient interest in the outcome to insure vigorous advocacy." *Xianglin Shi v. Sina Corp.*, No. 05-cv-2154-NRB, 2005 WL 1561438, at *3 (S.D.N.Y. July 1, 2005) (citation omitted). The Baltimore Funds satisfy these elements because their substantial financial stake in the litigation provides the ability and incentive to vigorously represent the Class's claims and their interests are perfectly aligned with those of the other Class members. Further, there are no facts to suggest

any actual or potential conflict of interest or other antagonism between the Baltimore Funds and the other Class members.

The Baltimore Funds have demonstrated their adequacy through their selection of Saxena White as Lead Counsel to represent the Class in these Related Actions.  As discussed below, Saxena White is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated its ability to prosecute complex securities class action lawsuits effectively.

### C.   The Court Should Approve the Baltimore Funds Selection Of Counsel

The Court should approve the Baltimore Funds' selection of Saxena White as Lead Counsel for the Class.  Pursuant to the PSLRA, a movant shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent, and the Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Kit Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 448 (S.D.N.Y. 2013) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention") (internal quotations and citations omitted).  Here, the Baltimore Funds retained Saxena White as proposed Lead Counsel for the Class.

As demonstrated by its firm resume,[7] Saxena White has extensive experience in successfully prosecuting complex litigation on behalf of shareholders and is lead or co-lead counsel in major securities class actions nationwide, including in this District.  In terms of the benefits conferred upon Saxena White's clients, the firm has achieved resounding successes on behalf of shareholders nationwide.  *See In re Wilmington Trust Sec. Litig.*, 10-cv-00990-SLR (D.

---

[7] *See* Saxena White's Firm Biography, attached as Exhibit F to the Singer Decl.

Del.) ($210 million settlement which represented a recovery of nearly 40% of the Class's maximum likely recoverable damages); *In re Rayonier Inc. Sec. Litig.*, Case No. 3:14-cv-1395-TJC-JBT (M.D. Fla.) ($73 million settlement for shareholders in a securities fraud action); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group, Inc.*, Case No. 1:16-cv-02400 (AT)(SN) (S.D.N.Y.) ($28 million settlement for shareholders in a securities action); *Central Laborers' Pension Fund v. SIRVA, Inc.*, 04 C 7644 (N.D. Ill.) ($53.3 million recovery and important corporate governance reforms); *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A., et al.*, No. 1:08-cv-23317-JAL (S.D. Fla.) ($37.5 million settlement for shareholders in a securities fraud action); *In re Sadia S.A. Sec. Litig.*, 08-cv-09528-SAS (S.D.N.Y.) ($27 million settlement for shareholders in a securities fraud action).

In addition, judges around the country have recognized that Saxena White has the experience and resources necessary to successfully and efficiently prosecute complex class litigation as Lead and Co-Lead Counsel.   For example, in *Schuler v. NIVS Intellimedia Tech. Group, Inc.*, No. 11-cv-2484 (KMW) (S.D.N.Y.) (Mar. 19, 2015), Judge Wood, in commending Saxena White's "excellent representation of the class," noted that "Saxena White's work has been outstanding" and "impressively thorough."   Further, in *In re Bank of America Corp. Sec., Derivative and ERISA Litig.*, No. 09-MD-2058 (S.D.N.Y.), Saxena White was appointed as Co-Lead Counsel, with former Southern District of New York Judge Chin expressly noting that Saxena White is "experienced and qualified to serve as lead counsel."   Accordingly, Saxena White has built an impressive track record of professional and efficient shareholder representation in complex securities actions.   In sum, Saxena White has the skill and knowledge that will enable it to prosecute this action effectively and expeditiously.

Accordingly, the Court should approve the Baltimore Funds' selection of Saxena White as Lead Counsel for the Class.

IV.     **CONCLUSION**

For the reasons discussed above, the Baltimore Funds respectfully request that the Court: (1) consolidate the Related Actions; (2) appoint them to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B); (3) approve their selection of Saxena White as Lead Counsel; and (4) grant such other relief as the Court may deem just and proper.

Dated: April 2, 2019

                          Respectfully submitted,

                          **SAXENA WHITE P.A.**

                          By: */s/ Steven B. Singer*
                          Steven B. Singer
                          10 Bank Street
                          White Plains, NY 10606
                          Tel:  (914) 437-8551
                          Fax:  (888) 216-2220
                          Email:  ssinger@saxenawhite.com

                          **SAXENA WHITE P.A.**
                          Joseph E. White, III
                          150 East Palmetto Park Road, Suite 600
                          Boca Raton, FL 33432
                          Telephone:  (561) 394-3399
                          Facsimile:  (561) 394-3382
                          jwhite@saxenawhite.com

                          *Proposed Lead Counsel for the Class*

12

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 2, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered users.

<u>*/s/ Steven B. Singer*</u>
Steven B. Singer