**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EZRA BIRNBAUM, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and H. LAWRENCE CULP, JR.,<br><br>Defendants. | Case No. 1:19-cv-01013 (DLC) (GWG) |
| SHEET METAL WORKERS LOCAL 17 TRUST FUNDS, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, JOHN L. FLANNERY, RUSSEL STOKES, and JAMIE S. MILLER,<br><br>Defendants. | Case No. 1:19-cv-01244 (DLC) (GWG) |

**MEMORANDUM OF LAW IN SUPPORT OF THE TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPOINTMENT OF LEAD COUNSEL**

**TABLE OF CONTENTS**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 2

III. ARGUMENT ........ 4

A. The Related Actions Should Be Consolidated Pursuant to Fed. R. Civ. P. 42(a). ........ 4

B. TRS Should Be Appointed Lead Plaintiff. ........ 5

1. TRS Satisfies the Procedural Requirements for Appointment as Lead Plaintiff. ........ 5

2. TRS Is Presumptively the Most Adequate Plaintiff. ........ 6

3. TRS Otherwise Satisfies the Requirements of Rule 23. ........ 7

C. The Court Should Approve TRS's Choice of Counsel. ........ 10

V. CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Tr. v. Citigroup Inc.*,
239 F. Supp. 2d 344 (S.D.N.Y. 2002)....7

*In re Aratana Therapeutics Inc. Sec. Litig.*,
No. 17-CV-1446 (PAE), 2017 WL 2491494 (S.D.N.Y. June 6, 2017)....10

*Baydale v. Am. Exp. Co.*,
No. 09-CV-3016 (WHP), 2009 WL 2603140 (S.D.N.Y. Aug. 14, 2009)....10

*In re Braskem S.A. Sec. Litig.*,
No. 15-CV-5132 (PAE), 2015 WL 5244735 (S.D.N.Y. Sept. 8, 2015)....9

*Chisholm v. TranSouth Fin. Corp.*,
184 F.R.D. 556 (E.D. Va. 1999)....8

*In re Crayfish Co. Sec. Litig.*,
No. 00-CV-6766 (DAB), 2002 U.S. Dist. LEXIS 10134 (S.D.N.Y. June 6, 2002)....7

*In re Elan Corp. Sec. Litig.*,
No. 02-CV-865 (WK) (FM), 2002 U.S. Dist. LEXIS 23162 (S.D.N.Y. Dec. 3, 2002)....7

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005)....6

*Fields v. Biomatrix, Inc.*,
198 F.R.D. 451 (D.N.J. 2000)....8

*Hargett v. Valley Fed. Sav. Bank*,
60 F.3d 754 (11th Cir. 1995)....10

*In re Host Am. Corp. Sec. Litig.*,
236 F.R.D. 102 (D. Conn. 2006)....10

*Lang v. Tower Grp. Int'l, Ltd.*,
No. 13-CV-5852 (AT), 2014 WL 12779212 (S.D.N.Y. June 17, 2014)....6

*In re Millennial Media, Inc. Sec. Litig.*,
87 F. Supp. 3d 563 (S.D.N.Y. 2015)....6

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998)....8

*Sallustro v. CannaVest Corp.*,
93 F. Supp. 3d 265 (S.D.N.Y. 2015)....6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
95 F. Supp. 3d 607 (S.D.N.Y. 2015)....6, 10

*Weltz v. Lee*,
199 F.R.D 129 (S.D.N.Y. 2001)....7, 8, 10

**Statutes, Regulations & Rules**

15 U.S.C. § 78
§ 78u-4(a)(1)....4
§ 78u-4(a)(3)....5
§ 78u-4(a)(3)(A)(i)....4
§ 78u-4(a)(3)(B)(i)....4, 5
§ 78u-4(a)(3)(B)(iii)(I)....5
§ 78u-4(a)(3)(B)(iii)(I)(bb)....2, 7
§ 78u-4(a)(3)(B)(iii)(I)(cc)....7
§ 78u-4(a)(3)(B)(iii)(II)....6
§ 78u-4(a)(3)(B)(iii)(II)(aa)....9
§ 78u-4(a)(3)(B)(v)....9

Federal Rules of Civil Procedure Rule 23....2, 5, 7, 8
Rule 23(a)....7
Rule 23(a)(3)....8, 9
Rule 23(a)(4)....8, 9

Federal Rules of Civil Procedure 42(a)....10, 11

Private Securities Litigation Reform Act of 1995 (PSLRA).... *passim*

Securities Exchange Act of 1934....4
Exchange Act Section 21D....2
Exchange Act Section 21D(a)(3)(B)....1

**Other Authorities**

H.R. Rep. No. 104-369 (1995)....9

## I. INTRODUCTION

Teachers' Retirement System of Oklahoma ("TRS") respectfully moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4, for entry of an Order: (i) consolidating all related actions; (ii) appointing TRS as Lead Plaintiff on behalf of itself and all persons and entities other than Defendants[1] who purchased or otherwise acquired General Electric ("GE" or the "Company") common stock between December 27, 2017 and October 29, 2018 (the "Relevant Period"), both dates inclusive; and (iii) appointing the law firm of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Lead Counsel.

As of the time of this filing, two actions have been filed against General Electric and certain individual officers and directors alleging the same conduct in violation of the securities laws: *Birnbaum v. General Electric Company, et al.*, No. 19-cv-01013 (S.D.N.Y. Feb. 1, 2019) ("*Birnbaum* Action"), and *Sheet Metal Workers Local 17 Trust Funds v. General Electric Company, et al.*, No. 19-cv-02144 (S.D.N.Y. Feb. 8, 2019) ("*Sheet Metal Workers* Action," and together with the *Birnbaum* Action, the "Related Actions").[2] As set forth below, the Related Actions should be consolidated.

The PSRLA provides that the person or persons who files a motion within the prescribed PSLRA deadlines, possesses the largest financial interest in the case, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure should be appointed as lead plaintiff.

---

[1] Defendants in the Related Actions include General Electric Company, H. Lawrence Culp, Jr., John L. Flannery, Russell Stokes, and Jamie S. Miller.

[2] The Related Actions have different class periods. The Relevant Period, as defined above, is the longer of the two class periods as set forth in the *Sheet Metal Workers* Action.

Under these standards, TRS should be appointed as lead plainitff. The instant motion is timely, as it is filed within 60 days of the notice published pursuant to the PSLRA. TRS suffered combined losses of approximately $7,108,792 as a result of the alleged misconduct, and is unaware at this time of any other Plaintiff with a greater loss. TRS otherwise satisfies Rule 23. Thus, under Section 21D of the Exchange Act, TRS is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because it has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Additionally, TRS's selection of Cohen Milstein Sellers & Toll PLLC as Lead Counsel should be approved. Cohen Milstein is highly qualified to prosecute securities class actions. Finally, the Related Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

## II. BACKGROUND

General Electric is a multinational conglomerate headquartered in Boston, Massachusetts and incorporated in New York.[3] General Electric operates through several diverse lines of business, including designated power, renewable energy, oil and gas, aviation, healthcare, transportation, lighting, and capital divisions. General Electric Power ("GE Power") has served as a bedrock line of business throughout the Company's history and remains among its largest divisions. The bulk of GE Power's revenue comes from the sale and servicing of heavy-duty gas turbines.

In 2015, GE Power annnounced a new suite of High Efficiency, Air Cooled ("HA" or "H-class") gas turbines and proclaimed that no competitor "can offer the outstanding performance, reliability, efficiency, and expertise of the GE H-class gas turbine." Despite these representations, as set forth below, the H-class turbines turned out to be woefully defective. Also in 2015, GE

[3] General Electric securities trade on the New York Stock Exchange under the ticker symbol "GE."

Power acquired one of its principal competitors in the gas turbine-manufacturing sector, Alstom SA's power and grid business, for $10.6 billion. GE recorded $13.5 billion in goodwill in connection with the acquisition. In 2016, GE increased the goodwill associated with the acquisition to $17.3 billion. The Class period begins on December 27, 2017, prior to the market open, Reuters reported on its investigation of GE's H-class gas turbines in Pakistan. Reuters noted that the H-class turbines were causing lengthy outages at power plants and were producing power at levels well below their capacity. In response, GE denied any issues beyond initial "teething" problems. A month later, Reuters again quoted government officials in Pakistan who complained that the H-class gas turbines continued performing poorly. Again, GE denied any major issues, insisiting that all problems had been "readily resolved."

Separately, GE's Alstom acquisition was also underperforming. Although the underperformance had been an issue in 2017, in its 2017 Form 10-K, filed February 23, 2018, GE claimed that it assessed goodwill associated with the Alstom acquisition and determined that $1 billion should be impaired due to external market factors. GE maintained its optimism about goodwill accounting in May 2018 despite again noting that demand for power turbines had declined.

In September 2018, despite a lengthy LinkedIn post where GE acknowledged some "minor adjustments" that needed to be made to the HA turbines, the Company maintained that they were "meeting – and in many cases exceeding – their performance goals at every customer site." Yet, in reality, utility providers in Japan, Taiwan, France, and multiple U.S. locations shut down, or planned to shut down nearly a third of the H-class turbines. From September 19, 2018 to September 25, 2018, GE's stock price decreased by 12% (from $12.86 to $11.87 per share), erasing $13 billion in market capitalization.

On October 1, 2018, GE removed John Flannery[4] from his post as chief executive officer and noted for the first time that it would have to impair goodwill by an estimated $23 billion. On October 30, 2018, GE announced it would write down $22 billion in goodwill, a decision that caused the Securities and Exchange Commission to expand its ongoing investigation into that decision. Even more troubling, GE announced that the Department of Justice had opened a criminal investigations in the matter. From October 29, 2018 to October 30, 2018, GE's share price decreased more than 9% (from $11.16 to $10.18 per share), destroying another $8.5 billion in market capitalization.

As result of Defendants' false and misleading statements, and the precipitous decline in the value of GE securities as the truth was revealed, TRS and other class members have suffered significant losses and damages.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated Pursuant to Fed. R. Civ. P. 42(a).

Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz*, 199 F. R.D. at 131. Indeed, "in securities actions where the complaints are based on the same public statements and reports, consolidation is appropriate if there are common questions of law and fact and the parties will not be prejudiced." *Weltz*, 199 F.R.D. at 131 (internal quotations and citation omitted).

The Related Actions present common factual and legal issues and allege the same violations of the federal securities laws against substantially the same defendants. As this Court has previously, observed, "courts routinely consolidate securities class actions arising from the same allegedly actionable statements." *In re Aratana Therapeutics Inc. Sec. Litig.*, No. 17-CV-

[4] Mr. Flannery is one of the individual defendants in the *Sheet Metal Workers* Action.

1446 (PAE), 2017 WL 2491494, at *3 (S.D.N.Y. June 6, 2017); *see also Hargett v. Valley Fed. Sav. Bank*, 60 F.3d 754, 765-66 (11th Cir. 1995) ("The proper solution to problems caused by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a).") (quoting *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1995)). Because the Related Actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will be relevant to the other, and common questions of law and fact will predominate in these actions. Thus, consolidation is appropriate. Fed. R. Civ. P. 42(a).

**B. TRS Should Be Appointed Lead Plaintiff**

As discussed below, TRS satisfies each of the requirements of the PSLRA and is therefore qualified for appointment as lead plaintiff.

**1. TRS Satisfies the Procedural Requirements for Appointment as Lead Plaintiff**

The Exchange Act, 15 U.S.C. § 78u-4, establishes a procedure for the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The first such notice here was published on February 1, 2019. *See* Eisenkraft Decl., Ex. A.

The PSLRA further provides that within 60 days after the publication of the notice of pendency, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or

members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiff must be filed expires on April 2, 2019. TRS has moved within the statutory 60-day time period. The motion contains the required certification setting forth, *inter alia*, TRS's purchases of General Electric common stock; that TRS has reviewed the facts and allegations at issue in this action; and that TRS is willing to serve as a representative party on behalf of the class. *See* Eisenkraft Decl., Ex. B.

In addition, TRS has selected and retained competent and experienced counsel, as set forth in counsel's resume. *See* Eisenkraft Decl., Ex. D. As demonstrated in its resume, Cohen Milstein has substantial experience in successfully prosecuting federal securities law claims.

**2. TRS Is Presumptively the Most Adequate Plaintiff**

The PSLRA sets forth procedures for the appointment of a lead plaintiff in class actions brought under the federal securities laws. 15 U.S.C. § 78u-4(a)(3). The PSLRA provides that the Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i).

The Court is guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) otherwise satisfies the requirements of Federal Rule of Civil Procedure 23 and 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may only be rebutted by proof that the presumptive most adequate plaintiff "will not

fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

TRS is qualified for appointment as Lead Plaintiff. Its members collectively suffered losses of over $7.1 million from its purchases of General Electric securities during the Relevant Period as a result of Defendants' misrepresentations. *See* Eisenkraft Decl., Ex. C. TRS is not aware of any other class member with a larger financial interest in the relief sought by the class and is therefore the most adequate plaintiff and entitled to appointment as Lead Plaintiff. *See Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 277 (S.D.N.Y. 2015) (appointing as lead plaintiff the TRS with the largest potential recoverable loss).

Because TRS possesses a significant interest in the outcome of this litigation, it is presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). TRS is also moving as a single entity, which ensures that there is no chance for disagreement due to the joinder of otherwise unrelated TRS groups. Further, TRS is both qualified to represent the proposed class and willing to serve as a representative party. Finally, TRS has selected counsel highly experienced in prosecuting securities class actions such as this one. Accordingly, TRS satisfies the requirements for appointment as Lead Plaintiff under the PSLRA and its motion should be granted.

### 3. TRS Otherwise Satisfies the Requirements of Rule 23

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also Brady v. Top Ships Inc.*, 324 F. Supp. 3d 335, 340 (E.D.N.Y. 2018); *Albert Fadem Tr. v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002).Rule 23(a) requires that (1) the class be so numerous that joinder of all members is impracticable; (2) there be questions of law or fact common to the class; (3) such claims be typical of those of the class; and (4) the representatives fairly and adequately protect the

interests of the class. Fed. R. Civ. P. 23(a). Typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiff under the PSLRA. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015); *Weltz v. Lee*, 199 F.R.D 129, 133 (S.D.N.Y. 2001).[5]

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A "claim will meet the typicality requirement if 'each class member's claim arises from the same course of conduct, and each class member makes similar legal arguments to prove the defendants' liability.'" *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "It is often said of typicality in class actions that 'as goes the claim of the named plaintiff, so go the claims of the class.'" *Emilio v. Sprint Spectrum L.P.*, No. 11-cv-3041, 2017 WL 3208535, at *8 (S.D.N.Y. July 27, 2017) (quoting *Rapcinsky v. Skinnygirl Cocktails, L.L.C.*, No. 11-cv-6546, 2013 WL 93636, at *6 (S.D.N.Y. Jan. 9, 2013)). The typicality standard is met even where minor distinctions exist. *Olsten*, 3 F. Supp. 2d at 296

Here, TRS seeks the same relief and advances the same legal theories as all class members. Because the claims asserted by TRS are based on the same legal theories and arise "from the same event or practice or course of conduct that gives rise to the claims of other class members," TRS meets the requirements of the typicality requirement of Rule 23.

---

[5] "[A] 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Khunt*, 102 F. Supp. 3d at 536 (S.D.N.Y. 2015) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).

The "adequacy" requirement of Rule 23(a)(4) is satisfied when the proposed class representative "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Representation is adequate when "(1) class counsel is qualified, experienced and generally able to conduct the litigation; (2) the class members [d]o not have interests that are antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous adequacy." *Weltz*, 199 F.R.D. at 133 (citing *Olsten*, 3 F. Supp. 2d at 296).

Here, TRS is an adequate representative for the proposed class. First, as noted above, TRS is an institutional investor, which is preferred under the PSLRA. [6] *See* H.R. Rep. No. 104-369, at 34 (1995) (Conf. Rep.) ("The Conference Committee believes that increasing the role of institutional investors … will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). Moreover, TRS does not have interests adverse to those of the proposed class and purchased GE securities during the Relevant Period. Like other putative class members, TRS suffered losses in the form of diminution of the value of its GE securities upon disclosure of the fraud. Furthermore, as a result of TRS's significant financial stake in this action, it will vigorously advocate on behalf of the class. Finally, TRS has retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see* Eisenkraft Decl., Ex. D, and has timely submitted its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

These factors demonstrate that TRS's claims are typical of the claims of the proposed class within the meaning of Rule 23(a)(3) and that TRS will fairly and adequately represent the interests of the proposed class under Rule 23(a)(4). TRS should therefore be appointed lead plaintiff.

---

[6] TRS is the pension program for public education employees in Oklahoma. It seeks to manage retirement funds and provide financial security for more than 170,000 active and former employees of the school districts, career technology schools, public colleges, and universities of Oklahoma.

### C. The Court Should Approve TRS's Choice of Counsel

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Court should approve Cohen Milstein Sellers & Toll PLLC as TRS's choice for Lead Counsel. As detailed in its firm resume, Cohen Milstein has extensive experience serving as lead counsel in securities class actions. Eisenkraft Decl., Ex. D; *see also In re Braskem S.A. Sec. Litig.*, No. 15-CV-5132 (PAE), 2015 WL 5244735, at *6 (S.D.N.Y. Sept. 8, 2015) (approving Cohen Milstein to serve as lead counsel on the basis of the firm's "experience litigating securities class actions"); *Topping*, 95 F. Supp. 3d at 624 (selecting Cohen Milstein as lead counsel because it "has successfully prosecuted numerous securities fraud class actions"). Accordingly, the class will be well represented.

## V. CONCLUSION

For the foregoing reasons, TRS respectfully requests consolidation of the Related Actions, appointment as Lead Plaintiff, and approval of its selection of Cohen Milstein as Lead Counsel.

Dated: April 2, 2019

By: */s/ Michael Eisenkraft*

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Michael Eisenkraft
88 Pine Street, 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Julie Goldsmith Reiser
Allen Dreschel
1100 New York Avenue, N.W.
Suite 500
Washington, DC 20005
Telephone: (202) 408-4600

Christina D. Saler
Three Logan Square, 1717 Arch Street
Suite 3610
Philadelphia, PA 19103
Telephone: (267) 479-5701

*Counsel for TRS and Proposed Lead Counsel for the Class*