MANDATE

N.Y.S.D. Case # 19-cv-1013(DLC)

MANDATE ISSUED ON 02/24/2021

20-1741
*In re General Electric*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-one.

PRESENT:

    AMALYA L. KEARSE,
    PIERRE N. LEVAL,
    SUSAN L. CARNEY,
            *Circuit Judges.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Feb 24 2021

------------------------------------------------------------

IN RE: GENERAL ELECTRIC SECURITIES LITIGATION.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TEACHERS' RETIREMENT SYSTEM OF OKLAHOMA,

    *Lead Plaintiff - Movant - Appellant,*

EZRA BIRNBAUM, individually and on behalf of others similarly situated,

    *Plaintiff,*

        v.                                         No. 20-1741

GENERAL ELECTRIC COMPANY, H. LAWRENCE CULP, JR., JOHN L. FLANNERY, JAMIE S. MILLER, JAN R. HAUSER, RUSSELL STOKES, CHUCK NUGENT, SCOTT STRAZIK, JOE MASTRANGELO,

    *Defendants - Appellees.*

------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | JULIE GOLDSMITH REISER, (Steven J. Toll, Molly J. Bowen, *on the brief*) Cohen Milstein Sellers & Toll PLLC, Washington, DC; Joel P. Laitman, Laura H. Posner, Cohen Milstein Sellers & Toll PLLC, New York, NY. |
| FOR APPELLEE: | ROMAN MARTINEZ, (Sarah A. Tomkowiak, *on the brief*) Latham & Watkins LLP, Washington, DC; Sean M. Berkowitz, Latham & Watkins LLP, Chicago, IL; Blake T. Denton, (Jooyoung Yeu, Samir Deger-Sen, Marc Werner, Megan Behrman, *on the brief*) Latham & Watkins LLP, New York, NY; William J. Trach, Latham & Watkins LLP, Boston, MA. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on May 8, 2020, is **AFFIRMED**.

Plaintiff-Appellant the Teachers' Retirement System of Oklahoma ("Teachers") appeals from the May 8, 2020 judgment of the district court (Cote, *J.*) in favor of Defendants-Appellees the General Electric Company and eight of its officers (together, "GE"), dismissing Teachers' claims under Section 10(b) and 20(a) of the Securities and Exchange Act of 1934 under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. On appeal, Teachers challenges the district court's ruling with regard to its Second Amended Complaint ("SAC") that the challenged statements did not constitute material misrepresentations in violation of the securities laws, but rather were mere puffery or otherwise not actionable under Section 10(b). Teachers also challenges the district court's decision to dismiss its related claim based on Item 303 of Regulation S-K. We assume the

2

parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's decision to dismiss a complaint under Fed. R. Civ. P. 12(b)(6), "accepting all factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 77 (2d Cir. 2017); *see Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99-100 (2d Cir. 2015).

To state a claim for securities fraud under Section 10(b) and Rule 10b-5, a plaintiff "must establish that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." *ECA, Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 197 (2d Cir. 2009) ("*ECA*"). "An alleged misrepresentation is material if there is a substantial likelihood that a reasonable person would consider it important in deciding whether to buy or sell shares of stock." *Singh v. Cigna Corp.*, 918 F.3d 57, 63 (2d Cir. 2019); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) (a misstated or omitted fact is material if it "would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available").

A statement can be misleading by virtue of its omissions viewed in context of the statement as a whole. *See In re Vivendi, S.A. Securities Litigation*, 838 F.3d 223, 239 (2d Cir. 2016). "Even when there is no existing independent duty to disclose information, once a company speaks on an issue or topic, there is a duty to tell the whole truth." *Meyer v. Jinkosolar Holdings Co.*, 761 F.3d 245, 250 (2d Cir. 2014). An omission in the absence of an affirmative statement, however, "is actionable . . . only when the corporation is subject to a duty to disclose the omitted facts." *In re Vivendi*, 838 F.3d at 239.

Item 303 of Regulation S-K imposes an affirmative duty to disclose certain information, and failure to comply with Item 303 "can serve as the basis for a securities fraud claim under Section 10(b)." *Stratte-McClure*, 776 F.3d at 101. Item 303 requires the registrant (here, GE) to "[d]escribe any known trends or uncertainties that have had or that

3

the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii). Because "issuing financial statements that omit elements required by Item 303 can mislead investors," an omission that violates Item 303 can be a material omission under Rule 10b-5. *Stratte-McClure*, 776 F.3d at 104. A violation of Item 303 does not automatically give rise to liability, however. To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must also sufficiently plead the other elements of such a claim: reliance, scienter, and injury. *Id.* at 103.

On appeal, Teachers challenges the district court's decision with respect to eight specific public statements made by GE in 2017 and 2018 about its new HA turbine. Teachers contends that these statements were materially misleading because they touted the HA turbine's performance while omitting material information about a blade defect, including the impact the defect would have on GE's revenue and profit. Teachers similarly argues that Item 303 obligated GE to disclose the defect and yet GE failed to do so.

The district court determined that the challenged statements were either too general to constitute a representation that an investor would reasonably rely on, or they were not actionable because they were statements of opinion. Many of the statements identified could rightly be categorized as non-actionable "puffery." *See ECA*, 553 F.3d at 206. Our recent decision *Abramson v. Newlink Genetics Corp.*, 965 F.3d 165 (2d Cir. 2020), however, which we issued after the district court rendered its decision in this case, recognized that the hard line between a statement of fact and one of opinion, which we relied on more heavily in the past, has been softened in recent years in the wake of the Supreme Court's ruling in *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,* 575 U.S. 175 (2015). *Id.* at 176 ("*Omnicare* reduced the significance of district courts' classification of statements as those of fact or opinion."). In *Abramson*, we commented that "when a statement of opinion implies facts or the absence of contrary facts, and the speaker knows or reasonably should know of different material facts that were omitted, liability under Rule 10b-5 may follow." *Id.* at 175. We need not determine, however, whether any of the statements alleged here to be misleading crossed the line drawn in *Omnicare* and *Abramson*, because Teachers failed adequately to plead scienter

4

in connection with any of the alleged misrepresentations under Rule 10b-5 or the allegedly wrongful omission under Item 303.

To plead scienter sufficiently to survive a motion to dismiss, a complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Employees' Ret. Sys. of Gov't of the Virgin Islands v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015). A "strong" inference is one that is "more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007); *see also S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110-11 (2d Cir. 2009). Scienter can be pleaded with adequate particularity through allegations showing either "(1) that defendants had the motive and opportunity to commit fraud, or (2) strong circumstantial evidence of conscious misbehavior or recklessness." *ECA*, 553 F.3d at 198.

Teachers alleges scienter under the latter theory only. The SAC alleges that GE made statements praising the HA turbine, even though they knew when making the statements that the turbines suffered from a significant blade defect, that the defect harmed the turbine's performance, and that GE's proposed solution to the defect "could not be implemented effectively" and would "have a material financial impact" on GE. Appellant's Reply Br. at 20-21. Teachers argues that these allegations adequately support an inference of scienter—that is, recklessness—because they "strongly suggest [GE] sought to use those disclosures to express optimism and underrepresent the extent of those very problems." *Id.* at 21 (citing *Setzer v. Omega Healthcare Investors*, 968 F.3d 204, 216 (2d Cir. 2020)).

We are not persuaded. To adequately plead recklessness under applicable standards, which we discuss below, "a plaintiff must allege conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *Setzer*, 968 F.3d at 213 (citing *In re Carter-Wallace, Inc. Sec. Litig.*, 220 F.3d 36, 39 (2d Cir. 2000)). Recklessness in the security fraud context is more than just "a heightened form of negligence," but must approximate "actual intent." *Stratte-McClure*, 776

5

F.3d at 106. Here, even assuming that some of GE's statements were misleading,[1] these statements did not amount to a "sufficiently extreme departure from the standards of ordinary care" to support an inference of recklessness. *See Setzer*, 968 F.3d at 215. The SAC alleges that GE's plan was to "inspect customer's H-class turbine blades and add a new protective coating to repair the blades or replace the blades altogether." J.A. 49. The challenged statements were made in the context of GE's ongoing disclosures about the oxidation problem, the Exelon blade break, and the plan GE had in place to address these issues. *See* J.A. 152, 154. Thus, the allegations in the SAC are consistent with the more plausible, non-culpable inference that, before the Exelon break, GE had developed what it believed was a workable solution to the oxidation issue—a solution that would not adversely affect the turbines' performance or GE's finances in a material way, and that GE revised its assessment of the issue and its solution when confronted with the blade failure at the Exelon power plant, and disclosed the financial consequences with reasonable promptness.[2] The inference proposed by Teachers —that GE "engaged in conscious misstatements with the intent to deceive"—is decidedly less plausible from the allegations of the SAC. *See Novak v. Kasaks*, 216 F.3d 300, 312 (2d Cir. 2000). Teachers has therefore failed to plead allegations that would support the requisite "strong inference" of scienter, *Employees' Ret. Sys. of Gov't of the Virgin Islands*, 794 F.3d at 305, and the complaint fails under Rule 12(b)(6).

\* \* \*

---

[1] For example, GE's statements on September 20 and 28 that the turbines were "meeting – and in many cases exceeding – their performance goals at every customer site today," J.A. 151, 154, could be seen as misleading "without the contextualization" of other material facts. *See Abramson*, 965 F.3d at 174.

[2] Although when reviewing a Rule 12(b)(6) dismissal we ordinarily draw all reasonable inferences in the plaintiff's favor, when we evaluate "whether the plaintiff has alleged facts that give rise to the requisite 'strong inference' of scienter, [we] must consider plausible, nonculpable explanations for the defendant's conduct, as well as inferences favoring the plaintiff." *Tellabs, Inc.*, 551 U.S. at 323–24.

6

We have considered Teachers' remaining arguments and find in them no basis for reversal. For the foregoing reasons, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit